ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2023-Mar-02  07:21:25
60CV-23-1571
C06D05 : 10 Pages

## IN THE PULASKI COUNTY CIRCUIT COURT, ARKANSAS

| | |
|---|---|
| ROBERT WEYRENS, for himself and all Other Arkansas Citizens Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUMMIT UTILITIES, INC., and SUMMIT UTILITIES ARKANSAS, INC.,<br><br>Defendants. | Case No. _____ |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff and proposed Class Representative Robert Weyrens, for himself and all other Arkansans similarly situated, and for his Class Action Complaint against Defendants Summit Utilities, Inc. and Summit Utilities Arkansas, Inc. alleges as follows:

## INTRODUCTION

1. The purpose of this class action is to determine the private legal rights of the proposed Class Representative and the purported members of the Class with respect to their provider of natural gas and services under their customer/utility provider relationship and the implied contractual obligations they have to one another.

2.  Because the private contractual rights and obligations are to be determined within this action between these private parties, this Court has jurisdiction. By statute, the Arkansas Public Service Commission is powerless to determine the contractual rights of these private parties. A.C.A. § 23-3-119 (d).

## JURISDICTION AND VENUE

3.  Court has subject matter jurisdiction over these civil state law claims.

4.  Venue is proper in this County in that the conduct complained of by the Plaintiff occurred within this County.

## PARTIES

5.  Plaintiff/Class Representative Robert Weyrens is a citizen of Arkansas, and a resident of Pulaski County.

6.  Defendant Summit Utilities, Inc. is a foreign for-profit corporation with its principal place of business in Centennial, Colorado, and having as its Registered Agent for service of process as Cogency Global, Inc., 1215 Twin Lakes Dr., Little Rock, AR 72205. It is a citizen of Colorado, but operates its business within the State of Arkansas and derives substantial revenues from within the state of Arkansas.

7.  Defendant Summit Utilities Arkansas Inc. is a foreign for-profit corporation with its principal place of business in Centennial, Colorado, and having as its Registered Agent for service of process as Cogency Global, Inc., 1215 Twin Lakes Dr., Little Rock,

AR 72205. It is a citizen of Colorado, but is registered and qualified to do business in the State of Arkansas and derives substantial revenues from within the state of Arkansas.

## FACTUAL ALLEGATIONS

8. In about April of 2021, Summit Utilities, Inc. and Summit Utilities Arkansas, Inc. (collectively, "Summit") agreed to purchase certain assets of CenterPoint Energy Resources Corp. ("CERC") for their natural gas utility business that serves customers in Arkansas, Oklahoma, and certain areas located in Bowie County, Texas, including Texarkana, Texas, for about $2.150 billion.

9. According to documents filed with the Arkansas Public Service Commission in the summer months of 2021, Summit assured a "seamless transition" from CERC to Summit "with no disruption of customer and supplier plans and expectations."

10. Unfortunately for Summit's customers, this promise has proven to be demonstrably false.

11. Under the terms of the purchase agreement, there was to be a one-year transition period where CERC provided operational support in areas of gas supply, safety, training, engineering, customer operations, supply chain, finance, accounting, and other services. This transition period ended sometime around December of 2022.

12. Since then, Summit has utterly failed to appropriately provide utility gas service to its customers in Arkansas, and moreover, has price-gouged them with substantial over-billing, and further manipulated their billing methodology.

13. Beginning in about January of 2023, many of Summit's customers have filed complaints saying their gas bills with Summit have skyrocketed by several times their normal average. As of early February 2023, the Office of the Attorney General has reported multiple calls and emails complaining of being overcharged by Summit.

14. Summit claims the significant up-charged bills are the result of its transition from CERC's computer system to Summit's systems, which resulted in Summit sending "estimated bills" because there was a possibility of "different level of billing" of its customers.

15. While Summit has blamed its transition of computer systems to it from CERC, Plaintiff and other similarly situated Arkansas customers continue to suffer from these "estimated" enormous bills, which they believe they must pay to have hot water and properly heated homes during Arkansas' winter months.

16. Summit also states that the cost of gas has increased substantially, and it simply passing along that cost to its customers. A Summit executive has indicated it makes "no profit" from the sale of this gas to Arkansas customers. Summit has also blamed the pandemic, the winter storms, and the war in Ukraine as all having caused its problems.

17. Since January of 2023, hundreds of Summit's customers have complained of the following:

    a. Excessive prices for the purchase of natural gas and services through extraordinarily high monthly demands for payment through its monthly customer billing statements.

    b. In fact, Summit's monthly bills demand payments of sums two to three to four times the amounts due to CERC prior to its purchase, and resulting transfer of service and billing to Summit within the transition period.

    c. Summit fails to credit customers monthly payments either made directly to Summit or through autopay, although such payments have clearly been made by the customer. Thus, Summit is not properly accounting for their customer's monthly payments.

    d. Summit has also enrolled customers into its autopay program and taken sums of money from customers without their knowledge and consent.

18. Plaintiff was a natural gas customer of CERC until his account was purchased by Summit. Since January of this year, Plaintiff has seen his monthly gas bills more than double in demanded monthly amounts, and even though his family's natural gas consumption was reduced considerably.

## CLASS ALLEGATIONS

16. This case is brought as a class action pursuant to Arkansas Rule of Civil Procedure ("ARCP") 23.

17. Plaintiff brings this action on his own behalf and on behalf of the following "Class:"

> All citizens of Arkansas having accounts with Summit for the provision of natural gas and receiving monthly bills from Summit or its predecessor from January 1, 2022, to the time the Class is certified and receives Court-Approved notice of class certification.
>
> Excluded from the Class are Defendants, their directors, officers, and employees, the Judge presiding over this action and his or her immediate family members and anyone properly excluding themselves from the Class after receipt of the Court-Approved certification notice.

18. Although the precise number of members of the Class is presently unknown, such information would be within the records of Summit. Upon information and belief, at least 70 persons or entities are within the definition of the Class. Rule 23 numerosity is satisfied.

19. Plaintiff is a member of the Class.

20. Plaintiff's claims are typical of the claims of all Class members.

21. No antagonism exists between the interests of the representative Plaintiff and the interests of other Class members, and Plaintiff is fully prepared to diligently pursue this case on behalf of all Class members.

22. Plaintiff's counsel is experienced in class action litigation and well-qualified to conduct this litigation.

23. There exist numerous common questions of law or fact in this action within the meaning of ARCP 23 and these common questions predominate over any questions affecting only individual class members within the meaning of the Rule.

24. Common questions of law or fact here include, without limitation:

      a.    Whether Plaintiff and the Class members have been wrongfully charged for provision of natural gas by Summit.

      b.    Whether Summit has wrongfully enrolled a Class member in its autopay program without their consent.

      c.    Whether Summit appropriately credited payments through their direct payments to Summit or through its autopay program.

25. Pursuant to ARCP 23, the questions of law and fact common to the members of the Class predominate over any questions affecting only individual Class members. Further, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy because, among other things, it is desirable to concentrate the litigation of the Class members' claims to one forum because it will conserve party and judicial resources and facilitate the consistency of adjudications.

## DECLARATORY AND INJUNCTIVE RELIEF
### A.C.A. § 16-111-101, *et seq.*

26. Plaintiff and the Class re-allege and incorporate the paragraphs above.

27. This action is brought under the Arkansas Declaratory Judgment Act at A.C.A. § 16-111-101, *et seq*.

28. Under the Declaratory Judgment Act, this Court has the power to declare the rights, status, and the other legal relations of the parties; whether or not further relief is or could be claimed. A.C.A. § 16-111-101.

29. Under the Act, specifically A.C.A. § 16-111-108, Plaintiffs are also entitled to supplemental relief in the form of the injunctive remedies prayed for in this pleading.

30. Plaintiff and the Class are entitled to a declaration that Summit has breached its implied duty of good faith and fair dealing to them by failing to appropriately facilitate and transfer the customer accounts of CERC to Summit.

31. Plaintiff and the Class are entitled to a declaration that Summit has breached its implied duty of good faith and fair dealing to them through its price gouging of natural gas products and services in Arkansas.

32. Plaintiff and the Class are entitled to an accounting of all funds they have paid to Summit due to its failure to properly credit payments made by the Plaintiff and the Class, directly or through autopay.

33. Plaintiff and the Class are entitled to an accounting of all funds they have been forced to pay by Summit's unilateral enrollment of Class members in autopay.

34. Plaintiff and the Class are entitled to immediate injunctive relief providing for an immediate standstill of the rights and obligations of the Parties to this proceeding, and specifically to the following injunctive relief measures:

    a. Plaintiff and Class members are permitted to stop making monthly payments to Summit until this Court may determine whether Summit has adequately integrated the CERC accounts into its systems and is appropriately billing Plaintiff and the Class members accounts, and further, is appropriately accounting for payments made to it by Plaintiff and the Class.

    b. Defendant shall not terminate its service to any customer for failure to make monthly payments until Summit proves to this Court that its

systems have properly integrated and Class members' accounts and are being managed appropriately.

c. Defendants are to produce all customer complaints it has received from any Arkansas customer, the Better Business Bureau or the Office of Attorney General, and documentation evidencing their responses to said consumer complaints.

d. Defendants are to disclose all documentation and reasons, to include public statements and calculations, for increased gas costs and increased monthly gas bills.

e. Defendants are to disclose and provide documentation as to the factual basis for its "estimated" bills.

f. Defendants are to disclose and provide documentation that it is a no-profit business.

g. Defendants are not to enroll any customer in the State of Arkansas into its autopay program without specific knowledge of the customer of the autopay program and the customer's obligations under it, the customer's specific intent and agreement to be enrolled, and the customer's signature demonstrating his or her agreement to its terms.

h. Defendants are to disclose and provide documentation that monthly bills have increased since its purchase of CERC's accounts due to the pandemic, the war in Ukraine, and winter storms as it has alleged in the press.

## JURY DEMAND

Plaintiff demands a trial by jury of twelve on all issues so triable.

## PRAYER OF RELIEF

WHEREFORE, Plaintiffs pray for Declaratory Judgment in their favor and for the injunctive relief measures pled above, for their attorneys' fees and costs, and all other just and appropriate relief.

DATED: March 2, 2023

Respectfully submitted,

**POYNTER LAW GROUP, PLLC**

Scott Poynter, AR Bar No. 90077
scott@poynterlawgroup.com
Daniel Holland, AR Bar No. 2019237
daniel@poynterlawgroup.com
407 President Clinton Ave., Suite 201
Little Rock, AR 72211
(501) 812-3943

James C. Wyly, AR Bar No. 90158
jwyly@wylyrommel.com
Sean F. Rommel, AR Bar No. 94158
srommel@wylyrommel.com
**WYLY-ROMMEL, PLLC**
4004 Texas Boulevard
Texarkana, TX 75503
(903) 334-8646