ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2023-Mar-08  10:55:28
60CV-23-1571
C06D05 : 17 Pages

## IN THE PULASKI COUNTY CIRCUIT COURT, ARKANSAS

| | |
|---|---|
| **ROBERT WEYRENS**, and<br>**BEAU ROBERSON** for themselves and<br>all Other Arkansas Citizens Similarly<br>Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>**SUMMIT UTILITIES, INC., and**<br>**SUMMIT UTILITIES ARKANSAS, INC.,**<br><br>    Defendants. | Case No. _____ |

## ** VERIFIED **

## FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW Plaintiffs and proposed Class Representatives Robert Weyrens and Beau Roberson for themselves and all other Arkansans similarly situated, and for their Verified First Amended Class Action Complaint against Defendants Summit Utilities, Inc. and Summit Utilities Arkansas, Inc. allege as follows:

## INTRODUCTION

1. The purpose of this class action is to determine the private legal rights of the proposed Class Representatives and the purported members of the Class with respect

to their provider of natural gas and services under their customer/utility provider relationship and the implied contractual obligations they have to one another.

2. Because the private contractual rights and obligations are to be determined within this action between these private parties, this Court has jurisdiction. By statute, the Arkansas Public Service Commission is powerless to determine the contractual rights of these private parties. A.C.A. § 23-3-119 (d).

## JURISDICTION AND VENUE

3. Court has subject matter jurisdiction over these civil state law claims.

4. Venue is proper in this County in that the conduct complained of by the Plaintiff occurred within this County.

## PARTIES

5. Plaintiff/Class Representative Robert Weyrens is a citizen of Arkansas, and a resident of Pulaski County.

6. Plaintiff/Class Representative Beau Roberson is a citizen of Arkansas, and a resident of Pulaski County.

7. Defendant Summit Utilities, Inc. is a foreign for-profit corporation with its principal place of business in Centennial, Colorado, and having as its Registered Agent for service of process as Cogency Global, Inc., 1215 Twin Lakes Dr., Little Rock, AR 72205.

It is a citizen of Colorado, but operates its business within the State of Arkansas and derives substantial revenues from within the state of Arkansas.

8.      Defendant Summit Utilities Arkansas Inc. is a foreign for-profit corporation with its principal place of business in Centennial, Colorado, and having as its Registered Agent for service of process as Cogency Global, Inc., 1215 Twin Lakes Dr., Little Rock, AR 72205. It is a citizen of Colorado, but is registered and qualified to do business in the State of Arkansas and derives substantial revenues from within the state of Arkansas.

## FACTUAL ALLEGATIONS

9.      In about April of 2021, Summit Utilities, Inc. and Summit Utilities Arkansas, Inc. (collectively, "Summit") agreed to purchase certain assets of CenterPoint Energy Resources Corp. ("CERC") for their natural gas utility business that serves customers in Arkansas, Oklahoma, and certain areas located in Bowie County, Texas, including Texarkana, Texas, for about $2.150 billion.

10.     According to documents filed with the Arkansas Public Service Commission in the summer months of 2021, Summit assured a "seamless transition" from CERC to Summit "with no disruption of customer and supplier plans and expectations."

11.     Unfortunately for Summit's customers, this promise has proven to be demonstrably false.

12.     Under the terms of the purchase agreement, there was to be a one-year transition period where CERC provided operational support in areas of gas supply,

safety, training, engineering, customer operations, supply chain, finance, accounting, and other services. This transition period ended sometime around December of 2022.

13. Since then, Summit has utterly failed to appropriately provide utility gas service to its customers in Arkansas, and moreover, has price-gouged them with substantial over-billing, and further manipulated their billing methodology.

14. Beginning in about January of 2023, many of Summit's customers have filed complaints saying their gas bills with Summit have skyrocketed by several times their normal average. As of early February 2023, the Office of the Attorney General has reported multiple calls and emails complaining of being overcharged by Summit.

15. Summit claims the significant up-charged bills are the result of its transition from CERC's computer system to Summit's systems, which resulted in Summit sending "estimated bills" because there was a possibility of "different level of billing" of its customers.

16. While Summit has blamed its transition of computer systems to it from CERC, Plaintiff and other similarly situated Arkansas customers continue to suffer from these "estimated" enormous bills, which they believe they must pay to have hot water and properly heated homes during Arkansas' winter months.

17. Summit also states that the cost of gas has increased substantially, and it simply passing along that cost to its customers. A Summit executive has indicated it makes "no profit" from the sale of this gas to Arkansas customers. Summit has also blamed the pandemic, the winter storms, and the war in Ukraine as all having caused its problems. None of these excuses are true.

18. Based upon information and belief, and in consultation with industry experts, it appears the estimation modules within the individual gas meters previously owned and operated by CERC are not communicating well with Summit's billing systems. This has resulted in monthly usage and billing amounts that are grossly inaccurate. While the gas meters are most likely working appropriately, the problem lies between the meters and Summit's billing systems and the poor integration of CERC's prior assets (the meters) with Summit's billing systems.

19. This dramatic problem is almost certainly because Summit failed to appropriately incorporate and test its systems with the meters it purchased from CERC. And of course, Summit is not physically checking each property owner's gas meter and is relying almost exclusively on these failing electronic communications between the meters and Summit's systems.

20. Again, Summit's excuses are untrue as demonstrated by the fact that natural gas utility customers of Arkansas Oklahoma Gas and Black Hills Energy, which are also certified Arkansas natural gas utilities, are not seeing like substantial increases in their monthly gas bills.

21. Since January of 2023, scores of Summit's customers have complained of the following:

   a. Excessive prices for the purchase of natural gas and services through extraordinarily high monthly demands for payment through its monthly customer billing statements.

b. In fact, Summit's monthly bills demand payments of sums two to three to four times the amounts due to CERC prior to its purchase and resulting transfer of service and billing to Summit within the transition period.

c. Summit fails to credit customers monthly payments either made directly to Summit or through autopay, although such payments have clearly been made by the customer. Thus, Summit is not properly accounting for their customer's monthly payments.

d. Summit has also enrolled customers into its autopay program and taken sums of money from customers without their knowledge and consent.

e. Summit has chosen not to maintain levelized billing Class members had with CERC, which has exasperated Class members and further escalated the harms of skyrocketing monthly bills.

22. Plaintiff Weyrens was a natural gas customer of CERC until his account was purchased by Summit. Since January of this year, Weyrens has seen his monthly gas bills nearly double in demanded monthly amounts, and even though his family's natural gas consumption reduced considerably. His March 2023 bill demands payment of $282.00 by March 13, 2023. In that bill, Summit shows a previous balance of $145.00 because it failed to record the prior month's payment, which is also a common problem for Class members. Plaintiff Weyrens believes his current monthly demanded amount to be wrong and grossly excessive, and that Summit is not properly accounting for his and other customer payments. Therefore, he requests the Court to allow him and members of the

Class to withhold payment until the matters complained of in this pleading are addressed by the Court.

23. Plaintiff Roberson was a natural gas customer of CERC until his account was purchased by Summit. In February of 2023, Roberson's monthly bill with Summit was about $465 and even though the property he owns and at issue, and located in Lonoke County, has been vacant since April of 2022, and the thermostat set at 65 degrees. He called customer service and was told a "corrected" bill would be sent out, but that bill increased to about $489. At such point, he turned the heat off in the vacant home. He just recently received his March 2023 monthly bill, which demands payment of about $419 by March 13, 2023. Plaintiff Roberson believes his current monthly demanded amount to be wrong and grossly excessive, and that Summit is not properly accounting for his and other customer payments. Therefore, he requests the Court to allow him and members of the Class to withhold payment until the matters complained of in this pleading are addressed by the Court.

## CLASS ALLEGATIONS

16. This case is brought as a class action pursuant to Arkansas Rule of Civil Procedure ("ARCP") 23.

17. Plaintiff brings this action on his own behalf and on behalf of the following "Class:"

> All citizens of Arkansas having accounts with Summit for the provision of natural gas and receiving monthly bills from Summit or its predecessor from January 1, 2022, to the time the Class is certified and receives Court-Approved notice of class certification.
>
> Excluded from the Class are Defendants, their directors, officers, and employees, the Judge presiding over this action and his or her immediate family members and anyone properly excluding themselves from the Class after receipt of the Court-Approved certification notice.

18. Although the precise number of members of the Class is presently unknown, such information would be within the records of Summit. Upon information and belief, at least 70 persons or entities are within the definition of the Class. Rule 23 numerosity is satisfied.

19. Plaintiff is a member of the Class.

20. Plaintiff's claims are typical of the claims of all Class members.

21. No antagonism exists between the interests of the representative Plaintiff and the interests of other Class members, and Plaintiff is fully prepared to diligently pursue this case on behalf of all Class members.

22. Plaintiff's counsel is experienced in class action litigation and well-qualified to conduct this litigation.

23. There exist numerous common questions of law or fact in this action within the meaning of ARCP 23 and these common questions predominate over any questions affecting only individual class members within the meaning of the Rule.

24. Common questions of law or fact here include, without limitation:

    a.    Whether Plaintiff and the Class members have been wrongfully charged for provision of natural gas by Summit.

    b.    Whether Summit has wrongfully enrolled a Class member in its autopay program without their consent.

    c.    Whether Summit appropriately credited payments through their direct payments to Summit or through its autopay program.

25.    Pursuant to ARCP 23, the questions of law and fact common to the members of the Class predominate over any questions affecting only individual Class members. Further, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy because, among other things, it is desirable to concentrate the litigation of the Class members' claims to one forum because it will conserve party and judicial resources and facilitate the consistency of adjudications.

## DECLARATORY AND INJUNCTIVE RELIEF
### A.C.A. § 16-111-101, *et seq.*

26.    Plaintiff and the Class re-allege and incorporate the paragraphs above.

27.    This action is brought under the Arkansas Declaratory Judgment Act at A.C.A. § 16-111-101, *et seq.*

28.    Under the Declaratory Judgment Act, this Court has the power to declare the rights, status, and the other legal relations of the parties; whether or not further relief is or could be claimed. A.C.A. § 16-111-101.

29. Under the Act, specifically A.C.A. § 16-111-108, Plaintiffs are also entitled to supplemental relief in the form of the temporary and permanent injunctive remedies prayed for in this pleading.

30. Plaintiff and the Class are entitled to a declaration that Summit has breached its implied duty of good faith and fair dealing to them by failing to appropriately facilitate and transfer the customer accounts of CERC to Summit.

31. Plaintiff and the Class are entitled to a declaration that Summit has breached its implied duty of good faith and fair dealing to them through its price gouging of natural gas products and services in Arkansas.

32. Plaintiff and the Class are entitled to an accounting of all funds they have paid to Summit due to its failure to properly credit payments made by the Plaintiff and the Class, directly or through autopay.

33. Plaintiff and the Class are entitled to an accounting of all funds they have been forced to pay by Summit's unilateral enrollment of Class members in autopay.

34. Plaintiff and the Class are entitled to immediate and temporary injunctive relief providing for an immediate standstill of the rights and obligations of the Parties to this proceeding, and specifically to the following injunctive relief measures:

    a. Plaintiff and Class members are permitted to stop making monthly payments to Summit until this Court may determine whether Summit has adequately integrated the CERC accounts into its systems and is appropriately billing Plaintiff and the Class members accounts, and further,

is appropriately accounting for payments made to it by Plaintiff and the Class.

b.      Defendant shall not terminate its service to any customer for failure to make monthly payments until Summit proves to this Court that its systems have properly integrated and Class members' accounts and are being managed appropriately.

c.      Defendants are to produce all customer complaints it has received from any Arkansas customer, the Better Business Bureau or the Office of Attorney General, and documentation evidencing their responses to said consumer complaints.

d.      Defendants are to disclose all documentation and reasons, to include public statements and calculations, for increased gas costs and increased monthly gas bills.

e.      Defendants are to disclose and provide documentation as to the factual basis for its "estimated" bills.

f.      Defendants are to disclose and provide documentation that it is a no-profit business.

g.      Defendants are not to enroll any customer in the State of Arkansas into its autopay program without specific knowledge of the customer of the autopay program and the customer's obligations under it, the customer's specific intent and agreement to be enrolled, and the customer's signature demonstrating his or her agreement to its terms.

    h.  Defendants are to disclose and provide documentation that monthly bills have increased since its purchase of CERC's accounts due to the pandemic, the war in Ukraine, and winter storms as it has alleged in the press.

  35.  Temporary injunctive relief (in the form of a "TRO") is necessary and appropriate under Rule 65(b) of the Arkansas Rules of Civil Procedure. Each Plaintiff and Class member will suffer immediate and irreparable loss before Summit can be heard in opposition to entry of a TRO for the following reasons:

    a.  In at least January, February and March of 2023, Summit has monthly demanded huge sums of money for natural gas services at exorbitant amounts from Plaintiffs and the Class. The monthly demanded amounts are anywhere from two to ten times the monthly payments demanded under CERC, and much more than Arkansas customers receiving natural gas utility services from other Arkansas certified gas utilities.

    b.  Plaintiffs and the Class have made payments, either directly or through autopay, that Summit has filed to properly account for and record within its billing systems.

    c.  Summit has misrepresented the reasons for its substantial increases in monthly gas bills as being global reasons for jumps in gas prices such as the pandemic or war in Ukraine, which is demonstrably false as other

Arkansas gas utility customers with other certified providers are not suffering from the same or similar gas price increases.

d.  Summit has hidden the true reasons for the substantial gas increases, which relate to its failure, over the past year, to integrate and test its systems with the CERC assets properly and adequately.

e.  Each Plaintiff and Class member has received their monthly gas bill for March 2023, and Summit has continued to demand huge sums of money from them by the deadline of March 13, 2023. Plaintiffs and the Class members will suffer immediate and irreparable harms if they make the demanded March monthly charges, which cannot be verified as accurate, and moreover, there is no confidence that their payments will be properly accounted for and posted by Summit. Further, Plaintiffs and Class members are concerned that Summit will disconnect their natural gas services if, absent a Court Order, chose not to pay their monthly bill by March 13, 2023.

## JURY DEMAND

Plaintiff demands a trial by jury of twelve on all issues so triable.

## PRAYER OF RELIEF

WHEREFORE, Plaintiffs pray for Declaratory Judgment in their favor and for the temporary and permanent injunctive relief measures pled above, for their attorneys' fees and costs, and all other just and appropriate relief.

DATED:  March 8, 2023                    Respectfully submitted,

**POYNTER LAW GROUP, PLLC**

_/s/ Scott Poynter_

Scott Poynter, AR Bar No. 90077
scott@poynterlawgroup.com
Daniel Holland, AR Bar No. 2019237
daniel@poynterlawgroup.com
407 President Clinton Ave., Suite 201
Little Rock, AR 72211
(501) 812-3943

James C. Wyly, AR Bar No. 90158
jwyly@wylyrommel.com
Sean F. Rommel, AR Bar No. 94158
srommel@wylyrommel.com
**WYLY-ROMMEL, PLLC**
4004 Texas Boulevard
Texarkana, TX 75503
(903) 334-8646

**CERTIFICATE OF SERVICE**

On this 8th day of March, 2023, I caused the foregoing to be electronically mailed to Mr. Lawrence E. Chisenhall of the Barber Law Firm, which represented Summit before the Arkansas Public Service Commission during the regulatory approval process of Summit's purchase of CERC. Additionally, I will also serve Summit's Registered Agent a copy of the foregoing by personal delivery consistent with Rule 4 of the Arkansas Rules of Civil Procedure.

Scott Poynter, AR Bar No. 90077

## VERIFICATION OF PLAINTIFF ROBERT WEYRENS

I, Robert Weyrens, hereby verify that the factual allegations of this pleading and as they relate to me personally are true and correct to the best of my knowledge.

_____
ROBERT WEYRENS

## VERIFICATION OF PLAINTIFF BEAU ROBERSON

I, Beau Roberson, hereby verify that the factual allegations of this pleading and as they relate to me personally are true and correct to the best of my knowledge.

*Beau Roberson*
BEAU ROBERSON